UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH HARPER, | ) | CASE NO.    1:07 CR 323 |
| | ) | (1:09 CV 1074) |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

This matter comes before the Court upon Keith Harper's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF #470.)

**I.**

On July 24, 2007 a federal Grand Jury returned an indictment against Petitioner Keith Harper and others.  The Petitioner was charged with one count of conspiracy to posses with intent to distribute and distribution of one kilogram or more of a mixture or substance containing a detectible amount of phencyclidine ("PCP"), in violation of 21 U.S.C. Sections 841(a)(1), (b)(1)(A), and 846  ("Count 1"); one count of distribution of approximately 32 ounces of a mixture or substance containing a detectable amount of PCP, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(B) ("Count 11"); one count of aiding and abetting in the distribution of approximately 334.79 grams of a mixture or substance containing a detectable amount of PCP ("Count 22");  and, one count of using a telephone to facilitate drug trafficking and to conspire to traffic drugs, in violation of 21 U.S.C. Section 843(b).

On November 20, 2007, Petitioner entered into a written plea agreement under which he pled guilty to Count 1 of the Indictment. (ECF #299; Plea Agreement). In return, the government agreed to recommend the dismissal of the remaining Counts in the Indictment as against the Petitioner. The additional charges were, in fact, dismissed at the time of Petitioner's sentencing. The plea agreement contained a specific waiver of nearly all of Petitioner's appellate and post-conviction rights. (Plea Agreement at ¶ 12). The written plea agreement also contained stipulations regarding the quantity of drugs attributable to the Petitioner, the Petitioner's prior convictions, which subjected him to a statutorily enhanced sentence of mandatory 20 years minimum sentence, and an agreed upon Sentencing Guideline computation. (Plea Agreement at ¶¶ 4, 9a-9d).

During the change of plea hearing and prior to this Court's acceptance of the guilty plea, Petitioner acknowledged on the record that he had consulted with his attorney about the evidence against him and his potential defenses, that he had read the entire written plea agreement he was entering into, that he understood the entire agreement, that it was his decision to enter the guilty plea outlined in his plea agreement, that he was doing so knowingly, voluntarily, and of his own free will, and that he understood he was entering a "complete admission as to the truth of the charge" to which he pled guilty. Further, the Assistant United States Attorney read the plea agreement out loud and on the record during the hearing. After listening to the recitation of the plea agreement, and having followed along with a written copy of the agreement, Petitioner confirmed that he had no questions about anything set forth in the written plea agreement and that he understood and agreed to all of the terms set forth therein. (ECF #431, Exhibit 1; Transcript of Plea Hearing at 4-5, 7-18).

At sentencing, the Court found, consistent with the expectation outlined in the written plea agreement, that the base offense level was a Level 34. The Petitioner's Criminal History category was calculated to be a level IV giving him an initial Sentencing Guideline Range of 210-262 months. Pursuant to the plea agreement, the government moved for a three-level downward departure based on the Petitioner's cooperation, which was granted by the Court. The Court also granted a three-level downward adjustment for acceptance of responsibility under Section 3E1.1. Thus, in accordance with the terms of the plea agreement, Petitioner's total offense level was a Level 28 with a Criminal History Category of IV, giving him a range of 110 to 137 months under the Sentencing Guidelines. The Court sentenced the Petitioner at the lower end of the guideline range, giving him 112 months.

On March 31, 2008, in violation of the terms of his plea agreement, Petitioner filed a direct appeal. (ECF #408). On September 25, 2008, the Sixth Circuit dismissed the appeal for lack of jurisdiction, based on the waiver of appellate rights contained in his plea agreement. (ECF #449). In its findings, the Sixth Circuit specifically found that this Court made explicit findings regarding the voluntary nature of the defendant's plea.   On May 9, 2009, the Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who

entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(holding no evidentiary hearing is required if petitioner's claims are "contradicted by the record, inherently incredible or conclusions rather than statements of fact.").

It is well settled that relief under Section 2255 is not available for errors that are not of a constitutional or jurisdictional magnitude, and that could have been reached on direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III.

Petitioner raises both substantive grounds and an allegation of ineffective assistance of counsel. Specifically, Petitioner claims that the record demonstrates that his plea was not knowingly or voluntarily entered into, and that his attorney did not provide effective assistance

4

prior to or during his plea hearing or at sentencing. The Petitioner's claim that his guilty plea was not lawful, knowing or voluntary is without support in the record. The written plea agreement in this case was very detailed. It included the nature of the substance with which Petitioner was charged, the rights he was giving up by pleading guilty, and a detailed explanation of his waiver of appellate rights. The petitioner was also informed of his rights in open court when he entered his guilty plea. Further, the prosecutor read all parts of the plea agreement (except, as noted before, the sections involving cooperation) out loud, verbatim into the record at the plea hearing, including the waiver of Petitioner's appellate and post-conviction rights. The Petitioner professed to have understood the entire agreement and there are no facts on the record that would lend support to any claim that he did not know of, understand, and/or voluntarily agree to any and all provisions of the written plea agreement. The conversation between the Court and the Petitioner at the plea hearing, as set forth in the hearing transcripts, directly contradicts and belies any claim that this Court failed to fully comply with the Rule 11 of the Federal Rules of Criminal Procedure when finding that the Petitioner's plea was knowingly and voluntarily made.

There is no factual or legal basis in the record of this case (either now or at the time of the plea hearing) that would lead this Court to question whether the Petitioner's plea was knowing and voluntary. Consequently, Petitioner's waiver of his post-conviction rights is binding, and prevents Petitioner from pursuing any of the substantive claims raised in his Motion to Vacate, including, but not limited to, his claims that (1) the district court failed to comply with Rule 32(i)(1)(A) at sentencing; (2) the government failed to provide a Bill of Particulars; and, (3) the probation officer violated Fed. R. Crim. P. 32(c)(2) by failing to notify Petitioner's counsel

5

that an interview was being conducted to aid in the preparation of the presentence report . The reservation of right in the plea agreement does, however, allow him to challenge the effectiveness of his trial counsel.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential" and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citations omitted). The Sixth Circuit has also recognized the importance of deferring to the professional judgment of defense counsel in the determination of trial related decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g.*, *Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th

Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995).  Petitioner's claim that his attorney was ineffective for failing to object to a "role enhancement" is without merit and contradicted by the record.  The record reflects that Petitioner did not receive any enhancement for his role in the offense.   In fact, the written plea agreement specifically reflects an agreement, negotiated by Petitioner's counsel,  that the government would not seek any enhancement for role in the offense. (Plea Agreement at ¶9b).  In addition, Petitioner's claim that his counsel failed to advise him as to all of the facts and law relevant to his decision to plea guilty is also contradicted by the record.  At the plea hearing, the Petitioner confirmed that he understood what the government contended was his involvement in the case, and that he had discussed with his lawyer any defense or explanations he had for the conduct he engaged in.  (Plea Transcript at 4).  He does not identify, even at this juncture, any fact or legal principle that he did not fully understand at the time of his plea.

 Further the Petitioner has not provided any evidence that would show he was prejudiced by any acts or failures of his attorney.  An error by counsel "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment."  *Strickland*, 466 U.S. at 691.  In the context of a guilty plea, in order to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Petitioner has offered no showing of any specific information that he claims would have caused him to forgo a guilty plea and take his chances at trial.

With regard to his sentencing, Petitioner has failed to specify, explain, or otherwise demonstrate what supposed "unlawful, false and unreliable evidence" was used to determine his

guideline range and ultimate sentence, or what specific things his counsel should have objected to. He has failed to identify what "available evidence and legal authority material" his counsel "should have investigated or presented" or how any such investigation would have changed the outcome of his case, or led him to decide that a plea agreement was not in his best interest under all of the circumstances. In short, Petitioner has failed to satisfy his burden of proof on the claim of ineffective assistance of counsel.

### IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #1) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 27, 2009